UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FELIX VALDOVINOS,

    Petitioner,

v.

JEFF MACOMBER,

    Respondent.

Case No. 23-cv-05351-JD

**ORDER RE DISMISSAL**

Felix Valdovinos, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The original petition was dismissed with leave to amend, and petitioner has filed an amended petition.

## BACKGROUND

Petitioner was found guilty of first-degree murder in 1999. Petition at 1-2. In 2023, he filed a motion in the Santa Clara County Superior Court for resentencing and to invalidate certain restitution fines because of several new state laws. *Id*. at 10. The petition was denied for failure to state a prima facie case for relief, except a restitution fee of $140.50 was vacated and an amended abstract of judgment was issued. *Id*. at 12. The superior court noted that petitioner argued that he was entitled to resentencing without providing any specific facts or law to support his assertion. *Id*. at 10. The California Court of Appeal and California Supreme Court denied his petitions. *Id*. at 16-17.

## DISCUSSION

### STANDARD OF REVIEW

The Court may consider a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

1  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v.*
2  *Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading
3  requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of
4  habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court
5  must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting
6  each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice'
7  pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility
8  of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d
9  688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

The federal writ of habeas corpus is available only to persons "in custody" at the time the petition is filed. 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id*. The Ninth Circuit has specifically held that "an attack on a restitution order is not an attack on the execution of a custodial sentence . . . . [Thus,] § 2254(a) does not confer jurisdiction over a challenge to a restitution order." *Bailey v. Hill*, 599 F.3d 976, 982-83 (9th Cir. 2010) (citing *United States v. Kramer*, 195 F.3d 1129 (9th Cir. 1999)). Similarly, "the imposition of a fine, by itself, is not sufficient to meet § 2254's jurisdictional requirements." *Bailey*, 599 F.3d at 979 (citing *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998). This is so even if, as here, the petitioner is actually in custody at the time she or he challenges the fine or restitution order. *Id*. 979-80.

In this federal habeas petition, petitioner says that the superior court vacated his restitution fee of $140.50 and issued an amended abstract of judgment without providing counsel in violation of his rights. Petitioner's claim challenges only the restitution and fines related to his conviction and sentence. The "custody" requirement of Section 2254(a) is not satisfied, and the Court does not have jurisdiction to entertain this claim. Petitioner did not raise or exhaust any claim regarding the validity or duration of his confinement.

To the extent petitioner's claim challenging his restitution order and fines alleges violations of state law, he has failed to state a cognizable federal habeas claim. Federal habeas

United States District Court
Northern District of California

relief does not lie for violations of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law).

Nor does petitioner's argument that he was denied counsel state a federal claim. There is no federal constitutional right to counsel in post-conviction proceedings. Because "[t]here is no constitutional right to an attorney in state post-conviction proceedings . . . a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *see also Davila v. Davis*, 582 U.S. 521, 524 (2017) ("[A] prisoner does not have a constitutional right to counsel in state postconviction proceedings. . . ."); 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

The original petition was dismissed with leave to amend to address these issues. The amended petition contains the same allegations and claims from the original petition. Petitioner cannot obtain relief for his claims of denial of counsel at a post-conviction hearing or regarding the restitution fee.

## CONCLUSION

The petition is dismissed without leave to amend and a Certificate of Appealability is denied. The Clerk is requested to close this case.

**IT IS SO ORDERED.**

Dated: February 20, 2024

JAMES DONATO
United States District Judge